UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-81162-CIV-SMITH

RICHARD W. KAPLAN, D.D.S., M.D., P.A.,

    Plaintiff,

vs.

BLUE CROSS AND BLUE SHIELD OF
FLORIDA, INC.,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

This matter is before the Court on Plaintiff's Motion for Remand [DE 3], Defendant's Response in Opposition to Plaintiff's Motion for Remand [DE 10], Plaintiff's Notice of Supplemental Authority [DE 19], and Defendant's Notice of Supplemental Authority in Opposition to Remand [DE 21]. Plaintiff did not file a reply. Plaintiff, a provider of emergency medical services, seeks to recover the costs of medical procedures Plaintiff performed for Defendant's insured. Defendant removed this case from state court arguing that Plaintiff's state law causes of action are completely preempted by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq.* Plaintiff then sought remand. For the reasons set forth below, the Motion to Remand is granted.

**I.    BACKGROUND**

Plaintiff's Complaint alleges that Plaintiff provided emergency medical services to a patient, R.G., who was insured by Defendant's commercial insurance health plan, and Defendant has paid Plaintiff at rates below both: (1) the "usual and customary provider charges" in violation

of sections 641.513(5) and 627.64194(4), Florida Statutes, for claims subject to those sections; and, (2) below the reasonable value of the services in the marketplace required under *quantum meruit* by the implied-in-fact contract between the parties and/or the implied-in-law contract, for claims not subject to sections 641.4513(5) and 627.64194(4). The purpose of these Florida Statutes is to require payment at fair market value for services that Plaintiff is obligated to provide by law. Plaintiff is not a participating provider in the relevant plan and, thus, has not agreed to accept discounted rates of reimbursement from Defendant. Despite alleging that Defendant paid Plaintiff at rates below the statutory rates and below the reasonable value of the services, Plaintiff also alleges that Defendant "has failed to make payment to the Plaintiff. Instead, [Defendant] has continually made unreasonable requests for additional information knowing full well their [sic] request is being made to the incorrect entity." (Compl. [DE 1-2] ¶ 24.)

Defendant's Notice of Removal includes the Declaration of Juanisha Jones. Attached to the Declaration is a copy of the plan at issue (the Plan) [DE 1-3 at 6-118] and the Health Insurance Claim Form Plaintiff submitted to Defendant after providing services to R.G (Claim Form) [DE 1-3 at 120]. The Plan includes a clause titled "Assignment of Covered Expenses," which states, "Payment for Covered Expenses may not be assigned to Non-Participating Providers." (Plan at 45.) The Plan also states that "[a] Member is expressly prohibited from assigning any right to payment of Covered Expenses or any payment related to Benefits." (Plan at 101.) The Claim Form indicates that R.G. "authorize[d] payment of medical benefits to [Plaintiff]" and the "yes" box is checked under the question "accept assignment?" (Claim Form at nos. 13 & 27.)

## II. STANDARD

"On a motion to remand, the removing party bears the burden of showing the existence of federal subject matter jurisdiction." *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591

F.3d 1337, 1343 (11th Cir. 2009). Thus, Defendant bears the burden of showing that this Court has federal subject matter jurisdiction and that removal was proper. When a court evaluates "whether the particular factual circumstances of a case give rise to removal jurisdiction, [it] strictly construe[s] the right to remove and appl[ies] a general presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) (internal citation and quotation marks removed).

A federal court has original jurisdiction over cases arising under federal law. 28 U.S.C. § 1331. Whether a claim arises under federal law is ordinarily determined by looking at the face of the plaintiff's well-pleaded complaint. *Conn. State Dental Ass'n*, 591 F.3d at 1343. ERISA, however, creates an exception to the well-pleaded complaint rule. *Id.* Complete preemption under ERISA derives from ERISA's civil enforcement provision, § 502(a), and allows removal of any cause of action that falls within the scope of § 502(a). *Id.* at 1344 (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987)).

The Eleventh Circuit follows the test set forth by the Supreme Court in *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004), to determine whether complete preemption applies. *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011). The *Davila* test makes two inquiries: (1) whether the plaintiff could have brought its claim under § 502(a) and (2) whether no other legal duty supports the plaintiff's claim. *Id.* Answering the first prong of *Davila* requires two additional inquiries: (1) whether the plaintiff's claims fall within the scope of § 502(a), and (2) whether ERISA grants the plaintiff standing to bring suit. *Id.* Answering the second *Davila* prong requires determining whether the plaintiff's claims implicate a duty independent of ERISA. *Id.* at 1288. In answering these inquiries, a court should not rely on the labels affixed to the claims

3

to distinguish between preempted and non-preempted claims "because doing so 'would elevate form over substance and allow parties to evade the pre-emptive scope of ERISA.'" *Conn. State Dental Ass'n*, 591 F.3d at 1350 (quoting *Davila*, 542 U.S. at 214). Both prongs of the *Davila* test must be satisfied to find complete preemption.

## III. DISCUSSION

In the Motion to Remand, Plaintiff maintains that this is a rate of reimbursement, not a right to reimbursement action, and, as such, it does not arise under ERISA. Plaintiff relies on numerous cases that have held that claims based on rates of reimbursement do not arise under ERISA, while claims based on the right to reimbursement do. If Plaintiff is correct the first prong of the *Davila* test – whether the plaintiff could have brought its claim under § 502(a) – would not be met. The first prong of the *Davila* test requires the Court to determine whether Plaintiff's claims fall within the scope of § 502(a) and whether Plaintiff has standing to bring suit under ERISA. Defendant argues that the rate versus right distinction is not as clear as Plaintiff contends.

Under Plaintiff's characterization of its claims, the claims would not be covered by § 502(a), which permits a civil action "to recover benefits due . . . under the terms of [a] plan, to enforce . . . rights under the terms of the plan, or to clarify . . . rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). However, looking beyond Plaintiff's labels, the allegations in the Complaint make this a case, at least in part, about the right to reimbursement, not the rate of reimbursement. According to the Complaint, Plaintiff has not been reimbursed for any of the services provided to patient R.G.[1] Because Plaintiff has not yet been reimbursed

---

[1] The Summary Claim Report, Explanation of Benefits [DE 10-1 at 8-17], attached to Defendant's opposition to this Motion, also supports the conclusion that Plaintiff has not been paid anything by Defendant for the services rendered to patient R.G.

4

anything from Defendant, Plaintiff's claims are really about the right to reimbursement, not the rate of reimbursement. In other words, Plaintiff's claims are about the right to recover benefits under the Plan. Thus, Plaintiff's claims fall within the scope of § 502(a).

The Court must then determine whether Plaintiff has standing to bring suit under ERISA. Section 502(a) permits civil actions "by a participant or beneficiary." 29 U.S.C. § 1132(a)(1). Plaintiff is neither. Defendant, however, argues that Plaintiff has standing because Plaintiff received an assignment of benefits from the patient, R.G., as shown by the assignment language on the Claim Form. While case law indicates that a valid assignment from a beneficiary to a provider can confer standing under ERISA, it is not clear that Plaintiff has a valid assignment. Despite the language in the Claim Form, the Plan language does not permit assignments to non-participating providers, such as Plaintiff. The Eleventh Circuit has held that "an unambiguous anti-assignability provision in an ERISA-governed welfare benefit plan voids any purposed assignment." *Physicians Multispecialty Grp. v. Health Care Plan of Horton Homes, Inc.*, 371 F.3d 1291, 1296 (11th Cir. 2004). There is nothing ambiguous about the anti-assignment provision in the Plan, which prohibits assignment "to Non-Participating Providers" and also prohibits assigning "any payment related to Benefits." Based on the Claim Form and the anti-assignment provisions of the Plan, Plaintiff does not have a valid assignment and, therefore, lacks standing to bring a claim under § 502(a). Consequently, the first prong of the *Davila* test has not been met. Thus, Defendant has not met its burden of establishing jurisdiction. Because both prongs must be met for complete preemption, the Court need not consider the second prong of the *Davila* test.

Finally, Plaintiff seeks an award of attorneys' fees and costs relating to the motion. While a court may award costs pursuant to 28 U.S.C. § 1447(c), the Supreme Court has held that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an

5

objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). The Court finds that there was an objectively reasonable basis for removal. Consequently, Plaintiff's request for fees and costs is denied.

Accordingly, it is

**ORDERED** that:

1. Plaintiff's Motion for Remand [DE 3] is **GRANTED IN PART AND DENIED IN PART:**

    A. The Clerk of Court is directed to **REMAND** this case to the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

    B. Plaintiff's request for attorneys' fees and costs is **DENIED.**

2. This case is **CLOSED** and all pending motions are **DENIED as moot.**

**DONE and ORDERED** in Fort Lauderdale, Florida, this 5 day of March, 2020.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record